## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made and entered into by Jairo Jimenez (hereinafter "Plaintiff") and Doaba Brothers, Inc. ("Defendant") as of the dates of signature for the parties.

WHEREAS, Plaintiff was employed by Defendant (or affiliates of Defendant);

WHEREAS, Plaintiff has asserted certain claims against Defendant arising out of his employment with Defendant in the form of a lawsuit captioned as Guadalupe Tecuatl-Conde, et al. v. Doaba Brothers, Inc., in U.S. District Court, Western District of Wisconsin; Court File No. 11-cv-442.

WHEREAS, Defendant denies Plaintiff's claims and denies it is liable to the Plaintiff;

WHEREAS, Plaintiff and Defendant desire to fully compromise and settle all existing and potential disputes Plaintiff may have and to avoid the expense of further litigation;

NOW, THEREFORE, in consideration of the promises and covenants hereinafter contained, and intending to be legally bound hereby, Plaintiff and Defendant agree as follows:

    1.    **Settlement Amount.** In consideration for and full settlement of Plaintiff's claims against Defendant, and in order to avoid the uncertainties and costs of further litigation, Defendant will issue payment to Plaintiff and his attorneys as follows:

        (a) a check in the amount of $2,596.29, representing payment of back wages and penalties to the Plaintiff, made payable to Hawks Quindel, S.C.

        (b) a check in the amount of $1,403.72 to Hawks Quindel S.C., which payment shall be issued with IRS Form 1099 and shall constitute the full amount of any sums allegedly owed for payment of attorney's fees and costs that may have been awarded under federal or state law arising out of the matters addressed in this Agreement.

The above payment is made without Plaintiffs or Defense counsel's opinions or advice on taxability under the Internal Revenue Code or any state law. The payments referenced shall be mailed five (5) business days after Defendant receives a copy of this Agreement signed by Plaintiff. The payments set forth above are intended and do include payment for all damages claimed as well as payment for any claimed entitlement to recover costs or attorney's fees. No petition for such costs or fees shall be made.

2. <u>Release of Plaintiff's Claims</u>. The payment made pursuant to this Agreement will compensate Plaintiff for and extinguish all claims he has had or may have against Defendant as further set forth below:

(a) <u>General Release</u>. In exchange for the above-described consideration, the sufficiency of which is hereby acknowledged, Plaintiff as well as his heirs, assigns, executors, administrators and agents, hereby releases, acquits and discharges Defendant, its affiliates as well as all current and former shareholders, partners, members, employees, directors, executors, insurers, administrators, agents, heirs and assigns of Defendant and its affiliates (collectively, "Releasees") from any and all claims, demands, damages, actions, attorneys' fees, losses, causes of action or suits of any kind or nature, known or unknown, arising out of or relating in any way to Plaintiff's employment with and termination of employment from Defendant (or affiliates of Defendant) including, but not limited to:

- the National Labor Relations Act, 29 U.S.C. § 151 <u>et seq.</u>;
- the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq.</u>;
- Chapter 109 of Wisconsin Statutes.
- Chapter 104 of Wisconsin Statutes.
- Chapter 103 of Wisconsin Statutes.
- Claims based Administrative Rules of the Wisconsin Department of Workforce Development, including but not limited to Chapter DWD 274 (Hours of Work and Overtime), DWD 272 (Minimum Wages) and DWD 224 (Whistleblower Protection)
- the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 <u>et seq.</u>;
- Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>;
- the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 <u>et seq.</u>;
- the Civil Rights and Women's Equity Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988;
- the Equal Pay Act of 1963, 29 U.S.C. § 206(d);
- the Rehabilitation Act of 1973, 29 U.S.C. § 791 <u>et seq.</u>;
- the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 <u>et seq.</u>;

- the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.;
- the Consolidated Omnibus Budget Reconciliation Act of 1985, I.R.C. § 4980B;
- the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq;
- the Wisconsin Fair Employment Act, Wis. Stat. §§ 111.31-.395
- Any other Wisconsin wage-hour and wage-payment laws or regulations;

and/or any other federal, state, city, or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions, ordinances, public policy, contract or tort laws, or any other claim for alleged breach of contract, defamation, employment discrimination, sexual or other harassment, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress, any claim arising under the common law, or any other action, arising out of or relating in any way to Plaintiff's employment with and termination of employment from Defendant (or affiliates of Defendant). Plaintiff hereby agrees that the release set forth in this paragraph is a general release and waive and assumes the risk of any and all claims for damages which exist as of this date but of which he does not know, whether through ignorance, error, oversight, negligence, or otherwise, and which, if known, would materially affect his decision to enter into this release.

(b) <u>Dismissal of Pending Action</u>. As set forth in paragraph 3, below, Plaintiff intends as part of this Agreement to dismiss his pending action against Defendant with prejudice and without further costs, attorney's fees or sanctions payable by the Defendant. Plaintiff agrees not to institute any further claim against Defendant for damages or losses of any kind or nature arising out of conduct complained of in the aforesaid lawsuit or arising out of or relating in any way to his employment with and termination of employment from Defendant (or affiliates of Defendant).

3. <u>No Other Claims</u>. Plaintiff confirms that no charge, complaint, or action exists in any forum or form by him against Defendant or affiliates of Defendant, and state they have not filed any petition for bankruptcy or insolvency. Should any such charge or complaint be filed, Plaintiff agrees that he will not accept any relief or recovery therefrom. Except as prohibited by law, in the event that any such claim is filed, it shall be dismissed with prejudice upon presentation of this Agreement.

Upon execution of this Agreement by and on behalf of all parties hereto, counsel for the parties shall file a motion requesting court approval of this settlement and requesting that the court dismiss the action with prejudice.

4. <u>Confidentiality</u>:

(a) <u>General Standard</u>. It is the intent of Plaintiff and Defendant, and the attorneys for both parties, that the terms on which this matter has been settled, including the provisions of this Agreement (collectively "Confidential Information"), will be forever treated as confidential by Plaintiff and his attorneys. Accordingly, neither Plaintiff nor his attorneys will disclose Confidential Information to anyone at any time, except as required by operation of law or court order or as provided in subsection (b) below.

(b) <u>Exceptions</u>. If asked about the disposition of this matter, Plaintiff and his attorneys will indicate only "no comment".

Notwithstanding the foregoing, Plaintiff may disclose Confidential Information:

(1) to any accountants or tax planners he has retained or subsequently retains; or

(2) spouses; or

(3) as directed by valid court order or subpoena; if Plaintiff receives such subpoena or order, he agrees to timely notify Defendant so that Defendant may pursue protective relief as may be appropriate.

If Plaintiff elects to disclose Confidential Information to any person identified in subsection (b) above, then that person will be simultaneously informed that he or he must keep such Confidential Information strictly confidential and that he or he may not disclose such Confidential Information to any other person without the advance written consent of Defendant.

Counsel for Plaintiff may discuss the Plaintiff's claim with other attorneys and staff within his present law firm or prior law firms with whom he has been associated during the pendency of this litigation, as necessary to execute and enforce this Agreement and to obtain dismissal of Plaintiff's claims, without violating paragraph 4(a) above.

5. <u>Governing Law and Interpretation</u>. This Agreement represents the complete understanding of the parties and shall be interpreted in accordance with the laws of the State of Wisconsin without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

6.   Attorney's Fees and Costs.   Should either party initiate court action to enforce the terms of this agreement, after a breach of the agreement, the breaching party shall be responsible for repayment of the non-breaching parties' attorney's fees and costs.

6.   Nonadmission of Wrongdoing.   Plaintiff acknowledges that neither this Agreement nor the furnishing of the consideration for the releases contained herein shall be deemed or construed at any time for any purpose as an admission by the Defendant of any liability or unlawful conduct of any kind.

7.   No Future Application for Employment.   Plaintiff agrees that he is ineligible and will not apply for or accept future employment with Defendant or any affiliate of Defendant.

8.   Amendment.   This Agreement may not be modified, altered or changed except upon express written consent of both parties.

9.   Right to Consider, Rescind, and Revoke Acceptance.

PLAINTIFF IS SPECIFICALLY ADVISED TO CONSULT WITH AN ATTORNEY OF HIS CHOICE BEFORE SIGNING THIS AGREEMENT WHICH RELEASES RIGHTS HE HAS OR MAY HAVE UNDER FEDERAL STATE AND LOCAL LAW, INCLUDING, BUT NOT LIMITED, TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA"), THE ADA, AND TITLE VII.  PLAINTIFF HAS BEEN AFFORDED A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.  HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SUMS AND BENEFITS SET FORTH IN PARAGRAPH 1 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT AND ANY AFFILIATES OF DEFENDANT .

PLAINTIFF AGREES THAT HE HAS HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL OF HIS OWN CHOOSING AND THAT IF HE SIGNS THIS AGREEMENT, HE DID SO VOLUNTARILY AND WITHOUT ANY PRESSURE OR COERCION OF ANY NATURE FROM ANYONE.

Dated: _11-4-11_ , ____

_____
Jairo Jimenez

Doaba Brothers, Inc.

Dated: _11/03/11_

By _Kuldeep Kaur._
Its (Preisdent)

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made and entered into by Guadalupe Tecuatl-Conde (hereinafter "Plaintiff") and Doaba Brothers, Inc. ("Defendant") as of the dates of signature for the parties.

WHEREAS, Plaintiff was employed by Defendant (or affiliates of Defendant);

WHEREAS, Plaintiff has asserted certain claims against Defendant arising out of his employment with Defendant in the form of a lawsuit captioned as <u>Guadalupe Tecuatl-Conde, et al. v. Doaba Brothers, Inc.</u>, in U.S. District Court, Western District of Wisconsin; Court File No. 11-cv-442.

WHEREAS, Defendant denies Plaintiff's claims and denies it is liable to the Plaintiff;

WHEREAS, Plaintiff and Defendant desire to fully compromise and settle all existing and potential disputes Plaintiff may have and to avoid the expense of further litigation;

NOW, THEREFORE, in consideration of the promises and covenants hereinafter contained, and intending to be legally bound hereby, Plaintiff and Defendant agree as follows:

1. <u>Settlement Amount</u>. In consideration for and full settlement of Plaintiff's claims against Defendant, and in order to avoid the uncertainties and costs of further litigation, Defendant will issue payment to Plaintiff and his attorneys as follows:

   (a) a check in the amount of $10,385.16, representing payment of back wages and penalties to the Plaintiff, made payable to Hawks Quindel, S.C.

   (b) a check in the amount of $5,614.83 to Hawks Quindel S.C., which payment shall be issued with IRS Form 1099 and shall constitute the full amount of any sums allegedly owed for payment of attorney's fees and costs that may have been awarded under federal or state law arising out of the matters addressed in this Agreement.

The above payment is made without Plaintiffs or Defense counsel's opinions or advice on taxability under the Internal Revenue Code or any state law. The payments referenced shall be mailed five (5) business days after Defendant receives a copy of this Agreement signed by Plaintiff. The payments set forth above are intended and do include payment for all damages claimed as well as payment for any claimed entitlement to recover costs or attorney's fees. No petition for such costs or fees shall be made.

2. <u>Release of Plaintiff's Claims</u>. The payment made pursuant to this Agreement will compensate Plaintiff for and extinguish all claims he has had or may have against Defendant as further set forth below:

(a) <u>General Release</u>. In exchange for the above-described consideration, the sufficiency of which is hereby acknowledged, Plaintiff as well as his heirs, assigns, executors, administrators and agents, hereby releases, acquits and discharges Defendant, its affiliates as well as all current and former shareholders, partners, members, employees, directors, executors, insurers, administrators, agents, heirs and assigns of Defendant and its affiliates (collectively, "Releasees") from any and all claims, demands, damages, actions, attorneys' fees, losses, causes of action or suits of any kind or nature, known or unknown, arising out of or relating in any way to Plaintiff's employment with and termination of employment from Defendant (or affiliates of Defendant) including, but not limited to:

- the National Labor Relations Act, 29 U.S.C. § 151 <u>et seq.</u>;
- the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq.</u>;
- Chapter 109 of Wisconsin Statutes.
- Chapter 104 of Wisconsin Statutes.
- Chapter 103 of Wisconsin Statutes.
- Claims based Administrative Rules of the Wisconsin Department of Workforce Development, including but not limited to Chapter DWD 274 (Hours of Work and Overtime), DWD 272 (Minimum Wages) and DWD 224 (Whistleblower Protection)
- the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 <u>et seq.</u>;
- Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>;
- the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 <u>et seq.</u>;
- the Civil Rights and Women's Equity Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988;

- the Equal Pay Act of 1963, 29 U.S.C. § 206(d);
- the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.;
- the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.;
- the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.;
- the Consolidated Omnibus Budget Reconciliation Act of 1985, I.R.C. § 4980B;
- the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq;
- the Wisconsin Fair Employment Act, Wis. Stat. §§ 111.31-.395
- Any other Wisconsin wage-hour and wage-payment laws or regulations;

and/or any other federal, state, city, or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions, ordinances, public policy, contract or tort laws, or any other claim for alleged breach of contract, defamation, employment discrimination, sexual or other harassment, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress, any claim arising under the common law, or any other action, arising out of or relating in any way to Plaintiff's employment with and termination of employment from Defendant (or affiliates of Defendant). Plaintiff hereby agrees that the release set forth in this paragraph is a general release and waive and assumes the risk of any and all claims for damages which exist as of this date but of which he does not know, whether through ignorance, error, oversight, negligence, or otherwise, and which, if known, would materially affect his decision to enter into this release.

(b) _Dismissal of Pending Action_. As set forth in paragraph 3, below, Plaintiff intends as part of this Agreement to dismiss his pending action against Defendant with prejudice and without further costs, attorney's fees or sanctions payable by the Defendant. Plaintiff agrees not to institute any further claim against Defendant for damages or losses of any kind or nature arising out of conduct complained of in the aforesaid lawsuit or arising out of or relating in any way to his employment with and termination of employment from Defendant (or affiliates of Defendant).

3. _No Other Claims_. Plaintiff confirms that no charge, complaint, or action exists in any forum or form by him against Defendant or affiliates of Defendant, and state they have not filed any petition for bankruptcy or insolvency. Should any such charge or complaint be filed, Plaintiff agrees that he will not accept any relief or recovery therefrom. Except as prohibited by law, in the event that any such claim is filed, it shall be dismissed with prejudice upon presentation of this Agreement.

Upon execution of this Agreement by and on behalf of all parties hereto, counsel for the parties shall file a motion requesting court approval of this settlement and requesting that the court dismiss the action with prejudice.

4. <u>Confidentiality</u>:

(a) <u>General Standard</u>. It is the intent of Plaintiff and Defendant, and the attorneys for both parties, that the terms on which this matter has been settled, including the provisions of this Agreement (collectively "Confidential Information"), will be forever treated as confidential by Plaintiff and his attorneys. Accordingly, neither Plaintiff nor his attorneys will disclose Confidential Information to anyone at any time, except as required by operation of law or court order or as provided in subsection (b) below.

(b) <u>Exceptions</u>. If asked about the disposition of this matter, Plaintiff and his attorneys will indicate only "no comment".

Notwithstanding the foregoing, Plaintiff may disclose Confidential Information:

    (1) to any accountants or tax planners he has retained or subsequently retains; or

    (2) spouses; or

    (3) as directed by valid court order or subpoena; if Plaintiff receives such subpoena or order, he agrees to timely notify Defendant so that Defendant may pursue protective relief as may be appropriate.

If Plaintiff elects to disclose Confidential Information to any person identified in subsection (b) above, then that person will be simultaneously informed that he or he must keep such Confidential Information strictly confidential and that he or he may not disclose such Confidential Information to any other person without the advance written consent of Defendant.

Counsel for Plaintiff may discuss the Plaintiff's claim with other attorneys and staff within his present law firm or prior law firms with whom he has been associated during the pendency of this litigation, as necessary to execute and enforce this Agreement and to obtain dismissal of Plaintiff's claims, without violating paragraph 4(a) above.

5. <u>Governing Law and Interpretation</u>. This Agreement represents the complete understanding of the parties and shall be interpreted in accordance with the laws of the State of Wisconsin without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

6. <u>Attorney's Fees and Costs.</u> Should either party initiate court action to enforce the terms of this agreement, after a breach of the agreement, the breaching party shall be responsible for repayment of the non-breaching parties' attorney's fees and costs.

7. <u>Nonadmission of Wrongdoing</u>. Plaintiff acknowledges that neither this Agreement nor the furnishing of the consideration for the releases contained herein shall be deemed or construed at any time for any purpose as an admission by the Defendant of any liability or unlawful conduct of any kind.

8. <u>No Future Application for Employment.</u> Plaintiff agrees that he is ineligible and will not apply for or accept future employment with Defendant or any affiliate of Defendant.

9. <u>Amendment</u>. This Agreement may not be modified, altered or changed except upon express written consent of both parties.

10. <u>Right to Consider, Rescind, and Revoke Acceptance</u>.

PLAINTIFF IS SPECIFICALLY ADVISED TO CONSULT WITH AN ATTORNEY OF HIS CHOICE BEFORE SIGNING THIS AGREEMENT WHICH RELEASES RIGHTS HE HAS OR MAY HAVE UNDER FEDERAL STATE AND LOCAL LAW, INCLUDING, BUT NOT LIMITED, TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA"), THE ADA, AND TITLE VII. PLAINTIFF HAS BEEN AFFORDED A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SUMS AND BENEFITS SET FORTH IN PARAGRAPH 1 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND

RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT AND ANY AFFILIATES OF DEFENDANT.

PLAINTIFF AGREES THAT HE HAS HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL OF HIS OWN CHOOSING AND THAT IF HE SIGNS THIS AGREEMENT, HE DID SO VOLUNTARILY AND WITHOUT ANY PRESSURE OR COERCION OF ANY NATURE FROM ANYONE.

Dated: 11/3/11

_____
Guadalupe Tecuatl-Conde

Doaba Brothers, Inc.

Dated: 11, 3, 11

By _Kaldeep Jaw_
Its _(President)_